IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID SANDERS and SHONNA SANDERS,

    Plaintiffs,

vs.

FOREMOST INSURANCE COMPANY OF AMERICA,

    Defendant.

## NOTICE OF REMOVAL

Foremost Insurance Company, Grand Rapids, Michigan (Foremost), improperly named herein as Foremost Insurance Company of America, by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Foremost states the following:

1. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Foremost hereby gives notice of removal of all counts and claims asserted by the Plaintiffs in the civil action filed in the Second Judicial District, County of Bernalillo, State of New Mexico, styled: *David Sanders and Shonna Sanders v. Foremost Insurance Company*; Second Judicial District Cause No. D-202-CV-2017-01005. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A_1-3".

2. Plaintiff's Complaint for UIM Benefits, Breach of Contract, Violations of the Unfair Insurance Practices Act, Insurance Bad Faith, and Punitive Damages (Complaint) was filed in the Second Judicial District Court on February 13, 2017. *See* Exhibit "A-1". A summons was issued by the Second Judicial District Court on March 14, 2017, which was mailed to Foremost in Oklahoma City, Oklahoma on March 20, 2017. *See* Exhibit "A-2". Foremost received the Complaint and summons on or about March 23, 2017. *See* Exhibit "A-3".

Foremost received the summons and Complaint on February 9, 2017. *See Id.* Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.

4. Plaintiffs are, upon information and belief, citizens and residents of the State of New Mexico. *See* Exhibit "A-1", Complaint at ¶¶ 1 and 2. Defendant Foremost is a Michigan corporation.

A reasonable estimate of the amount that will be put at issue in the course of the litigation will exceed $75,000.00,[1] exclusive of interest and costs.

5. This case involves an actual controversy between the parties regarding their respective rights and obligations under the applicable insurance policy. *See generally* Exhibit "A-1", Complaint.

6. Plaintiffs allege they were insured on a policy of insurance issued by Foremost,

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Foremost Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

"with at least $100,000.00 in UM/UIM coverage." *See generally* Exhibit "A-1", Complaint at ¶ 16.

7. Plaintiffs' Complaint asserts a cause of action for Breach of Contract (Count I) and common law bad faith and violation of the Unfair Insurance Practices Act (Count II).

8. Without admitting the validity of any of Plaintiffs' allegations, the amount that will be put at issue in the course of the litigation will likely exceed the jurisdictional minimum because Plaintiffs seek to recover from the Defendant: (a) UIM policy benefits for David Sanders' bodily injury damages and Shonna Sanders' loss of consortium damages; (b) compensatory damages; (c) actual damages; (d) punitive damages arising from alleged breach of contract and alleged bad faith; and (e) attorney's fees. *See generally* Exhibit "A-1", Complaint at pg. 5.

9. The damages claimed as a result of the underlying loss, which Plaintiffs claim the Defendant owes in policy benefits, combined with the damages claimed as a result of the alleged breach of contract, bad faith, and statutory violations, likely exceed the minimum jurisdictional limit.

10. If Plaintiffs prevail on their claims to recover damages arising from the alleged breach of contract, bad faith, and statutory violations, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1714 NMRA (costs of defense); UJI 13–1715 (indemnification); UJI 13–1716 (incidental and consequential loss damages); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-

30 (permitting an award of attorneys' fees where an insurer has willfully engaged in a violation of § 59A-16-20 and mandating costs to the prevailing party); and UJI 13-1718 NMRA (providing recovery of punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured).

11.     "Punitive damages may be considered in determining the requisite jurisdictional amount."  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).  A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Foremost Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010).  Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

12.     Without admitting any of the Plaintiffs' allegations, and without admitting the Plaintiffs are entitled to recover any of the claimed damages, Foremost submits that the aggregate "value" of what Plaintiffs seek to recover in this case, or what a judgment would be worth to Plaintiffs, exceeds $75,000.00.  *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

13.     Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

        Respectfully submitted,

       **RILEY, SHANE & KELLER, P.A.**

     By: */s/ Courtenay L. Keller (electronically filed)*
       **COURTENAY L. KELLER**
       3880 Osuna Road NE
       Albuquerque, NM 87109
       (505) 883-5030
       *Attorneys for Defendant*
       *Foremost Insurance Company*

   The undersigned hereby certifies that on the 21st day of April, 2017, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means.  The undersigned further certifies that on the 21st day of April, 2017, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Olsi Vrapi
Noble & Vrapi, P.A.
4253 Montgomery Blvd, Suite 240
Albuquerque, NM 87109
(505)872-6130
Email: olsi@noblelawfirm.com

By: */s/ Courtenay L. Keller (electronically filed)*
   **COURTENAY L. KELLER**