FILED IN MY OFFICE
DISTRICT COURT CLERK
2/13/2017 4:24:11 PM
James A. Noel
Lourdes Perez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

David Sanders, Shonna Sanders,

    Plaintiffs,

vs.                                      No: D-202-CV-2017-01005

Foremost Insurance Company of America,

    Defendants.

## COMPLAINT FOR UIM BENEFITS, BREACH OF CONTRACT, VIOLATIONS OF THE UNFAIR INSURANCE PRACTICES ACT, INSURANCE BAD FAITH, AND PUNITIVE DAMAGES

COMES NOW, Plaintiffs David Sanders and Shonna Sanders (hereafter "Plaintiff"), by and through their attorneys, Noble & Vrapi, P A (Olsi Vrapi) and for their Complaint for UIM Benefits, Breach of Contract, Violations of the Unfair Insurance Practices Act, Insurance Bad Faith, and Punitive Damages against Defendant Foremost Insurance Company of America, state as follows:

### PARTIES AND JURISDICTION

1    Plaintiff David Sanders is a resident of Bernalillo County, New Mexico.

2.    Plaintiff Shonna Sanders is a resident of Bernalillo County, New Mexico.

3.    Upon information and belief, Defendant Foremost Insurance Company of America ("Foremost"), is a foreign insurer authorized to do business in the State of New Mexico  Defendant Foremost provided UM/UIM insurance benefits to Plaintiff under a contract of insurance in effect at all times relevant

4.    Jurisdiction is proper as Plaintiffs' cause of action is based on events that transpired through the operation of a motor vehicle upon the highways of this state

5. Venue is proper as all acts complained of occurred in Bernalillo County, New Mexico.

## FACTUAL ALLEGATIONS

6 Plaintiffs incorporate the allegations contained in Paragraphs 1 through 5 as if fully set out herein.

7 On or about February 14, 2015, Plaintiff David G Sanders was driving his motorcycle going north on Juan Tabo Blvd NE heading towards Menaul Blvd NE when Sharon Boyer struck Plaintiff from behind and caused substantial personal injuries.

8. Plaintiff was transported from the accident scene to University of New Mexico Hospital by ambulance.

9 As a result of the accident, Plaintiff suffered bodily injuries that required medical treatment and caused Plaintiff to incur economic and non-economic losses

10 Plaintiff Shonna Sanders is Plaintiff David Sanders' wife. She suffered economic and non-economic losses including but not limited to loss of consortium

11 The police investigation clearly placed fault on Ms Boyer.

12. Ms. Boyer's insurance carrier accepted liability and that Ms Boyer was 100% at fault.

13 As a result of the accident, Plaintiff David Sanders suffered bodily injuries that required medical treatment and caused Plaintiffs to incur economic and non-economic losses Plaintiff David Sanders settled the underlying liability claim with Ms Boyer's insurance company.

14. Because Ms Boyer had inadequate insurance coverage to fully compensate Plaintiff for his injuries and damages, Plaintiff subsequently filed a UM/UIM claim with his carrier Foremost

### COUNT I – BREACH OF CONTRACT AGAINST FOREMOST

15. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 14 as if fully set out herein.

16. At all times relevant, Plaintiffs were insured on a policy of insurance with Defendant Foremost, with at least $100,000 00 in UM/UIM coverage.

17. Plaintiffs made a UM/UIM claim with Foremost for coverage beyond the minimal policy limits on the vehicle driven by Sharon Boyer, who was legally obligated to pay damages to Plaintiffs and was underinsured

18. Defendant Foremost refused to pay reasonable damages, breaching the insurance contract between Plaintiffs and Defendant Foremost

19. As a result of Defendant Foremost's breach of contract, Plaintiffs have suffered damages in an amount to be proven at trial

20 Defendant Foremost's breach of contract was willful, wanton, reckless, intentional, and/or in bad faith, entitling Plaintiffs to punitive damages

### COUNT II – INSURANCE BAD FAITH AND VIOLATIONS OF THE UNFAIR INSURANCE PRACTICES ACT AGAINST DEFENDANT FOREMOST

21 Plaintiffs incorporate the allegations contained in Paragraphs 1 through 20 as if fully set out herein

22. Plaintiffs then presented a written and detailed demand for UM/UIM benefits to Defendant Foremost, who refused to acknowledge the proper value of the claim

23. Defendant Foremost has, in violation of NMSA § 59A-16-20(A), misrepresented to its insured pertinent facts relating to coverages at issue.

24 Defendant Foremost has, in violation of NMSA § 59A-16-20(C), failed to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies

25. Defendant Foremost has acted in violation of NMSA § 59A-16-20(E), which defines an unfair insurance practice as "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear."

26 Defendant Foremost has, in violation of NMSA § 59A-16-20(G), compelled Plaintiff to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered

27 Defendant Foremost has, in violation of NMSA § 59A-16-20(N), failed to promptly provide its insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

28. Defendant Foremost's actions were in bad faith, malicious, willful, reckless, and/or wanton, entitling Plaintiffs to an award of punitive damages

29. Defendant Foremost has acted unreasonably in failing to pay the Plaintiffs' claim and as a result, Plaintiffs are entitled to recover attorney's fees and costs of this litigation pursuant to NMSA § 39-2-1.

Exhibit_A-1

WHEREFORE, Plaintiffs pray for judgment against Defendant for compensatory damages, actual damages, punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Noble & Vrapi, P.A.

By <u>/s/ *Signed Electronically on 2/13/2017*</u>
Olsi Vrapi
4253 Montgomery Blvd. Suite 240
Albuquerque NM 87109
Telephone (505) 352-6660
olsi@noblelawfirm.com
*Attorney for Plaintiffs*